UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Garduno

versus

National Union Fire Ins. Co.
of Pittsburg, PA, et al

Civil Action No. 6:16-cv-01004

Judge Rebecca F. Doherty

Magistrate Judge Carol B. Whitehurst

**REPORT AND RECOMMENDATION**

Before the undersigned is a Response to *Sua Sponte* Jurisdictional Briefing Order filed by Defendants National Union Fire Insurance Company Of Pittsburgh, PA, Tracer Construction LLC and Lee Michael Gros, [Rec. Doc. 14], and a Motion To Remand filed by Plaintiff, Jose Luis Garduno [Rec. Doc. 12]. For the reasons that follow, the Court recommends that the Motion to Remand be granted and this action be remanded.

This action was removed from the 16th Judicial District Court, Parish of St. Mary, Louisiana, on July 8, 2016. *R. 1*. On September 22, 2016, the undersigned reviewed the pleadings and issued a *Sua Sponte* Jurisdictional Briefing Order requiring the removing Defendants to provide additional facts supporting their contention that this Court has subject-matter jurisdiction over this matter, under 28 U.S.C. § 1332, by October 12, 2016. *R. 11*. The Court indicated that it was unable to determine whether the parties were diverse in citizenship and also whether the

jurisdictional threshold was satisfied with regard to the amount in controversy. *Id.* Defendants complied with the briefing order. [Rec. Doc. 12]. While Plaintiff was given an opportunity to respond, he filed the instant Motion To Remand on October 4, 2016. *R. 14.*

In its motion to remand, Plaintiff contends, *inter alia*, that there is no diversity of citizenship between Tracer Construction LLC and Plaintiff. More significantly, Defendants affirm in their response to the Court order that, while the amount in controversy is met, "diversity jurisdiction **does not** appear to exist in this matter" because plaintiff, Jose Luis Garduno, is domiciled in Texas and Tracer Industries, Inc., the sole member of Tracer Construction LLC, has its principal place of business in Texas. *R. 12.*

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir.1988). For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. *Id.*; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Unlike a corporation, the citizenship of

an LLC, such as Tracer Construction LLC, is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

As Tracer Industries, Inc. is a corporation created under the laws of Delaware and has its principal place of business in Texas, it is a citizen of both Delaware and Texas. As Defendants concede that Tracer Industries, Inc. is the sole member of Tracer Construction LLC, Defendant Tracer Construction LLC is also a citizen of Delaware and Texas. Finally, all parties agree that Plaintiff, Jose Luis Garduno, is a citizen of Texas and it is undisputed that defendant Tracer Construction LLC is also a citizen of Texas, complete diversity is not present, and this Court lacks subject matter jurisdiction.

Accordingly, the undersigned recommends that this matter be REMANDED to the 16th Judicial District Court, Parish of St. Mary.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, this 13th day of October, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE